**FILED**
**Apr 24, 2019**
**12:33 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **KEITH WRIGHT,** | ) | **Docket No. 2018-08-0654** |
| **Employee,** | ) | |
| | ) | |
| | ) | **State File No. 97719-2015** |
| **v.** | ) | |
| **CUMMINS ENGINE COMPANY,** | ) | |
| **INC.,** | ) | **Judge Deana C. Seymour** |
| **Employer.** | ) | |

_____

## COMPENSATION HEARING ORDER DENYING BENEFITS

_____

This case came before the Court on March 20, 2019, for a Compensation Hearing on Mr. Wright's request for medical, temporary and permanent disability benefits. For the reasons below, the Court holds Mr. Wright did not prove he sustained a compensable work injury and denies his claim.

### History of Claim

Mr. Wright worked as a CNC operator for Cummins on November 20, 2015, when he claimed a repetitive injury to his arms and neck. He reported the injury to Cummins and selected Dr. Lloyd Robinson from a panel of physicians for treatment.[1]

After conservative treatment, Dr. Robinson referred Mr. Wright to Dr. Christian Fahey, an orthopedic specialist. Mr. Wright complained of bilateral elbow pain, right worse than left, on January 25, 2016. Dr. Fahey performed a physical examination, reviewed x-rays of the right symptomatic elbow, and concluded, "[H]e has pain without any anatomic correspondence." Dr. Fahey released Mr. Wright at maximum medical improvement (MMI) with no permanent impairment.

---

[1] The Parties stipulated that Dr. Lloyd Robinson, Dr. Christian Fahey and Dr. Tyler Cannon provided authorized medical treatment. They stipulated to introducing their medical records, which the Court accepted as evidence.

Dissatisfied, Mr. Wright asked for another doctor, and Cummins provided a panel of orthopedic surgeons. He chose Dr. Tyler Cannon. At his first visit, Mr. Wright described bilateral arm pain but denied any neck pain or neurological deficits. Dr. Cannon assessed bilateral forearm pain that "did not correlate with any significant anatomic process." Dr. Cannon focused on Mr. Wright's more symptomatic right arm. He ordered a right-elbow MRI at Mr. Wright's insistence and continued him at full duty. When the MRI returned normal, Dr. Cannon released Mr. Wright at MMI with no permanent impairment on February 25. He concluded that his work did not cause or contribute more than fifty percent to his right forearm and elbow pain.[2]

Still displeased, Mr. Wright visited his primary care physician, Dr. Laura Lendermon.[3] She ordered a nerve conduction study and cervical MRI. The nerve conduction results showed no cervical or bilateral extremity radiculopathy. Mr. Wright underwent a cervical nerve block after the cervical MRI showed moderate to severe cervical canal stenosis along with central canal stenosis.

On October 21, Mr. Wright returned to Dr. Cannon with bilateral arm and neck pain. Dr. Cannon reviewed the medical records Mr. Wright provided and examined him. Dr. Cannon determined that he had no permanent impairment and concluded, "I do not think his symptoms are correlated necessarily with work and given that he does not have a work injury I do not think that the cause is work related."

Cummins terminated Mr. Wright on October 24 for violating its attendance policy. He missed twelve days of work without providing documentation to excuse his absenteeism.

Ten days later, Mr. Wright saw Dr. Manuel Carro by referral from Dr. Lendermon. Dr. Carro believed he would benefit from a block and physical therapy. Mr. Wright testified he declined treatment because he lost insurance coverage after his termination. Contrary to Dr. Carro's record, Mr. Wright contended Dr. Carro suggested a cervical fusion.

Mr. Wright consulted neurosurgeon Dr. Thomas Windham about surgery in June 2017. Dr. Windham ordered a CT-myelogram that showed degenerative changes in Mr. Wright's neck. Dr. Windham did not recommend surgery but ordered cervical blocks.[4]

---

[2] Dr. Cannon did not address the less symptomatic left-arm complaints.

[3] The parties stipulated to introducing the medical records of Dr. Laura Lendermon, Dr. Manuel Carro, and Dr. Thomas Windham, which were attached to Dr. Samuel Chung's deposition.

[4] Dr. Windham's records do not show whether Mr. Wright underwent the cervical blocks.

Afterward Mr. Wright scheduled an independent medical examination with Dr. Samuel Chung, who is board-certified in physical medicine, rehabilitation, and independent medical evaluations. Dr. Chung testified by deposition that on December 11, 2018, he evaluated Mr. Wright, who complained of neck pain radiating into his arms. He reviewed Mr. Wright's medical records, including unauthorized treatment records after Drs. Fahey and Cannon released him at MMI.

Dr. Chung diagnosed "residual from cervical injury with on going right cervical radiculopathy." He assigned an eleven-percent permanent impairment rating from a repetitive work injury and suggested he avoid overhead work, work away from the body, and repetitive activity. Dr. Chung did not address Mr. Wright's bilateral arm and cervical pain from a rear-end automobile accident two months before his alleged work injury. He testified that a minor rear-end automobile accident in January 2018 did not worsen Mr. Wright's neck symptoms.[5]

At the hearing, Mr. Wright insisted he sustained a gradually-occurring injury to his arms and neck arising primarily out of and in the course and scope of his employment with Cummins. He questioned the correctness of his ATPs' opinions and argued that neither ATP examined his neck, which Dr. Chung concluded caused his symptoms. Mr. Wright further relied on Dr. Chung's testimony to show his neck injury resulted in permanent impairment and restriction.

Cummins countered that Mr. Wright failed to prove the compensability of his claim by a preponderance of the evidence, considering all causes. Cummins contended that Mr. Wright did not disclose Dr. Cannon's complete record or medical records of treatment for a rear-end automobile accident two months before he claimed this work injury. It also pointed out pre-existing neck and arm complaints of which Dr. Chung had no knowledge and inconsistencies in Dr. Chung's testimony, contending his opinions did not rebut the ATPs' opinions by a preponderance of the evidence.

Cummins introduced documentation of a lawsuit where Mr. Wright claimed disabling and permanent injuries to his back, neck, and other body parts from the prior automobile accident. It further relied on medical and chiropractic records predating the work injury, including Mr. Wright's complaints of neck and bilateral arm pain.

Cummins also argued that Dr. Chung listed the previous automobile accident date rather than the work injury date on his IME report. Dr. Chung testified that he did not review medical records from, nor did Mr. Wright tell him about, that accident. Dr. Chung agreed the conditions Mr. Wright alleged after the automobile accident were the same conditions Dr. Chung evaluated. Dr. Chung testified that the automobile accident could

---

[5] The Parties stipulated to medical records from We Care Chiropractic and NP Family Health & Wellness Clinic for treatment related to his automobile accidents, which the Court accepted as evidence.

cause or worsen his neck symptoms. He further agreed that Mr. Wright's symptoms after the January 2018 automobile accident resulted in a CT scan and other diagnostic tests of Mr. Wright's neck.

Finally, Cummins disputed the basis of Dr. Chung's impairment rating. Although Dr. Chung based the eleven-percent impairment rating on verifiable cervical radiculopathy, two EMG/nerve conduction studies and a CT myelogram failed to reveal cervical radiculopathy.

**Findings of Fact and Conclusions of Law**

At a Compensation Hearing, the employee must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2018). The employee must establish that his injury or condition "arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A).

Mr. Wright's burden requires proof "by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). He must establish this evidence "to a reasonable degree of medical certainty." Tenn. Code Ann. §50-6-102(14)(C). "The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E).

Here, Dr. Cannon reasoned that Mr. Wright's work with Cummins did not contribute more than fifty percent in causing the injury, considering all causes. Both Drs. Fahey and Cannon assigned no permanent impairment. As authorized treating physicians their opinions are presumed accurate. Tenn. Code Ann. § 50-6-204(k)(7).

To rebut the treating physicians' opinions, Mr. Wright offered the testimony of Dr. Chung. The Court notes Dr. Chung's IME occurred three years after Mr. Wright reported pain in his arms to Cummins. Dr. Chung had no records from his prior automobile accident, earlier neck and arm complaints, or complete records from ATP Cannon until his deposition. Dr. Chung did not know about the automobile accident Mr. Wright had two months before he notified Cummins of his gradually-occurring work claim. When provided the information at his deposition, Dr. Chung agreed the conditions Mr. Wright alleged after the automobile accident were the same conditions he evaluated. Dr. Chung testified that the automobile accident could have caused or worsened his neck symptoms. For these reasons, the Court holds Dr. Chung's opinion failed to prove Mr. Wright

4

sustained a compensable work injury and to rebut the presumption afforded to Mr. Wright's ATP by a preponderance of the evidence.

Accordingly, the Court holds that Mr. Wright failed to establish by a preponderance of the evidence that he suffered a compensable work injury on November 20, 2015. Therefore, it denies Mr. Wright's claim for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Wright's claim against Cummins and its workers' compensation carrier is dismissed with prejudice against its refiling.

2. Costs of $150.00 are assessed against Cummins under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2018), to be paid to the Court Clerk within five days of this order becoming final.

3. Cummins shall prepare and file a statistical data form (SD2) with the Court Clerk within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244.

4. Absent an appeal, this Order shall become final in thirty days.

**ENTERED on April 24, 2019.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Dr. Chung's deposition
2. Dr. Christian Fahey (by medical record)
3. Dr. Tyler Cannon (by medical record)
4. We Care Chiropractic/Dr. Renwick Tucker (by medical record)
5. NP Family Health & Wellness Clinic (by medical record)
6. September 30, 2016 Complaint for Damages
7. October 14, 2016 Separation Notice
8. Employee Attendance Policy effective August 1, 2016
9. September 8, 2016 Notice of Verbal Warning

10.    September 29, 2016 Notice of Final Reprimand
11.    October 31, 2016 Grievance Form
12.    November 23, 2015 Choice of Physician Form - Dr. Lloyd Robinson
13.    February 10, 2016 Choice of Physician Form – Dr. Tyler Cannon
14.    Wage Statement
15.    First Report of Injury

Technical Record:
1.    Petition for Benefit Determination
2.    Dispute Certification Notice
3.    Request for Scheduling Hearing
4.    Scheduling Order
5.    Amended Scheduling Order
6.    Medical Record of Authorized Treating Physician, Dr. Christian Fahey
7.    Medical Records of We Care Chiropractic and Dr. Renwick Tucker
8.    Medical Record of Authorized Treating Physician, Dr. Tyler Cannon
9.    Medical Record of NP Family Health & Wellness Clinic
10.    Employee's Witness and Exhibit List
11.    Notice of Filing Deposition Transcript of Dr. Samuel Chung
12.    Dr. Chung's deposition
13.    Stipulated Witnesses, Exhibits and Medical Records
14.    Pre-Compensation Hearing Statement

Stipulated Findings of Fact:
1.    Employee's alleged date of injury is November 20, 2015.
2.    Employee gave notice of the alleged injury to Employer on November 20, 2015.
3.    Employee is 36 years of age and a resident of Shelby County.
4.    Employee has completed the 12th grade and has obtained a high school diploma or   GED.
5.    Employee received authorized medical treatment for the injury with the following medical providers: Employee chose Dr. Lloyd Robinson at Occumed from the initial panel provided by Employer, who then referred him directly to orthopedic surgeon, Dr. Christian Fahey at Memphis Orthopedic Group. Employer then provided another panel of physicians from which Employee chose Dr. Tyler Cannon with Tabor Orthopedic for a second opinion and further assessment and care. Medical expenses were paid by the Employer or its workers' compensation insurance carrier/administrator in the amount of $4,940.93.
6.    Employee reached the maximum level of medical improvement that the nature of the injury permits on January 25, 2016 by Dr. Fahey and February 25, 2016 by Dr. Cannon.

7. Employee returned to work for the Employer, earning the same or greater wages as the Employee was earning prior to the injury but was subsequently terminated for violation of company policies. The Parties do not stipulate as to whether Employee qualifies for any enhanced benefits.
8. Employee's average weekly wage is $1,248.22, which entitles Employee to a weekly compensation rate of $832.15.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Compensation Order was sent to the following recipients by the following methods of service on April 24, 2019.

| Name | Via Email | Service sent to: |
|---|---|---|
| Christopher Taylor, Esq., Employee's Attorney | X | ctaylor@taylortoon.com |
| Kevin Washburn, Esq., Employer's Attorney | X | kwashburn@allensummers.com |

_____

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____
**Employee**

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*Attach an additional sheet for each additional Appellant *

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)             RDA 11082